UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MS. I.G.,

        Plaintiff,

    v.                                          Case No. 25-cv-0081-bhl

OPHELIA KING, et al,

        Defendants.

## ORDER GRANTING MOTION TO REMAND

On December 16, 2024, Plaintiff Ms. I.G. sued Defendants Ophelia King, Milwaukee Public Schools, the Office of Board Governance (collectively, the "School Defendants") and Wisconsin Department of Public Instruction in Milwaukee County Circuit Court. (ECF No. 1-1 at 1.) She invokes Title VI of the Civil Rights Act of 1964, the Family Education Rights and Privacy Act, 18 U.S.C. §§ 241–41, and 42 U.S.C. §§ 1981, 1983, 1986, and 1988. (*Id.* at 9–12.) On January 16, 2025, the School Defendants removed the case to this Court on the basis of federal question jurisdiction. (ECF No. 1.) On January 23, 2025, the School Defendants filed a motion to dismiss. (ECF No. 7.) On January 28, 2025, a Notice of Appearance was filed on behalf of the Wisconsin Department of Public Instruction. (ECF No. 12.) The notice is "subject to and without waiving any objections to jurisdiction." (*Id.*)

On February 10, 2025, Plaintiff filed a motion to remand. (ECF No. 13.) She asserts that there is no federal question jurisdiction over her claims. (*Id.* at 2.) This assertion is patently incorrect. Plaintiff specifically invokes federal law as the source of her claims in her complaint. Plaintiff also argues for remand on the ground that not all Defendants joined in the notice of removal and, therefore, removal was improper. (*Id.* at 2–3.) This argument is correct, and, for that reason, Plaintiff's motion to remand will be granted.[1]

---

[1] Given the notice of removal's procedural defects, the School Defendants' motion to dismiss, (ECF No. 7), will be denied without prejudice. The School Defendants are free to resubmit their motion in state court.

A state court defendant can remove a civil action to federal court only if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). When jurisdiction is lacking, the district court must remand the case to state court. § 1447(c). As the proponent of federal jurisdiction, a removing defendant bears the burden of establishing jurisdiction. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 104 (1998); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). But establishing jurisdiction is not enough to keep a case in federal court. Removal has certain procedural requirements that must be met. One such procedural requirement is that, when removal invokes federal question jurisdiction, all defendants who have been properly joined and served must join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A). Plaintiff correctly notes that not all Defendants joined the notice of removal, because Wisconsin Department of Public Instruction's signature is conspicuously absent from the notice. (*See* ECF No. 1 at 2.) The School Defendants do not challenge this fundamental procedural fact. Their argument that Plaintiff failed to properly serve her complaint on the Office of Board of Governance is irrelevant to this issue because that defendant did sign the notice of removal. Accordingly, the notice of removal is procedurally defective, and the case will be remanded to Milwaukee County Circuit Court.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, ECF No. 13, is **GRANTED**. The case is remanded to state court for further proceedings. The School Defendants' motion to dismiss, ECF No. 7, is **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin on March 21, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge